

FILED IN CHAMBERS
U.S.D.C. - Atlanta

MAY 1 5 2018

James N. Hatten, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTIAN WILLIAM KIGHT<br>A/K/A DRILLO | Criminal Indictment<br><br>No. 1:18CR0169 |

THE GRAND JURY CHARGES THAT:

### Count One
Extortion
(18 U.S.C. § 1951)

1. From in or about October 2017 through in or about January 24, 2018, in the Northern District of Georgia and elsewhere, the defendant, CHRISTIAN WILLIAM KIGHT a/k/a DRILLO, knowingly attempted to obstruct, delay, and affect commerce, by means of the extortion of Company A, a business then engaged in and affecting interstate commerce, that is, KIGHT knowingly attempted to obtain Company A's property, with its consent, by the wrongful use of fear, in violation of Title 18, United States Code, Section 1951.

### Background

2. At all times relevant to this Indictment, unless otherwise indicated:

(a) CHRISTIAN WILLIAM KIGHT was a resident of San Clemente, California.

(b) Company A was a business located in the Northern District of Georgia that engaged in interstate and foreign commerce.

**Manner and Means of the Extortion**

3. From in or about October 2017 through in or about January 2018, KIGHT used a computer in San Clemente, California to obtain unauthorized access into the computer networks and servers associated with hundreds of organizations, including at least one business in the Northern District of Georgia.

4. On numerous occasions, KIGHT executed a series of computer commands that enabled him to steal credentials (that is, logins and passwords) that belonged to hundreds of businesses and organizations ("the victims"). He subsequently used those stolen credentials to access certain victims' computer networks under materially false pretenses, to exfiltrate data from their computer networks, and to delete data from their networks. KIGHT also used Virtual Private Networks, deleted log data, and took a number of other steps to hide his tracks, conceal his identity, and obfuscate his location.

5. After maliciously hacking into certain victim computer systems, KIGHT sought to extort his victims. To facilitate his attempts to extort victims, KIGHT used an encrypted email service based in Europe and created an email address using the alias, "Drillo."

6. In or about December 2017 through in or about January 2018, KIGHT obtained unauthorized access into servers and files storing business

information, including proprietary business information, that belonged to Company A. On numerous dates, KIGHT accessed Company A's networks and exfiltrated data, including files containing proprietary business information used by Company A to run its business. Moreover, KIGHT deleted significant amounts of Company A's data.

7. On January 23, 2018, KIGHT—using the alias "Drillo"—sent a series of email messages to Company A's Chief Executive Officer. He wrote, "Well, I'm sure you won't want to talk to me, but it is very urgent, as I'm sure you are by now aware." In his emails, KIGHT confirmed that he had "transferred" Company A's information "straight from [its] network into [his]," claimed that he had backed up the data he deleted, and wanted to "work out a deal."

8. On or about January 23, 2018, KIGHT sent Company A's CEO an email containing screenshots to prove that he had obtained Company A's data. Moreover, KIGHT sent the CEO a video file documenting his malicious hacking into Company A's network. His message falsely noted that he was "not here to extort anyone or even to blackmail you" and said that it took him "about 3 weeks of work total" to compromise Company A's systems. He asked the CEO to "make [him] an offer on what [he thinks] 3 weeks of [his] time is worth." He ended one message by stating, "And no, I'm really NOT an extortionist, I would like to see how much you think it's worth, and if it's fair, we'll leave it at that." KIGHT also offered the CEO a 40-page report detailing his company's "security shortcomings."

9. After the CEO notified KIGHT that he would notify law enforcement unless he provided Company A immediate access to its data, KIGHT transmitted emails accusing Company A of "violat[ing] more laws than [he had]." He further threatened to send Company A's data to others and wrote, "If you are uninterested in continuing to have customers I understand, you think no one will care. That's fine by me, information is the most valuable asset and there are several companies who I'm sure would be very interested in any data." KIGHT then falsely threatened to "send out letters" to Company A's clients unless his demands were met.

10. On January 24, 2018, after Company A was able to get its systems back online, KIGHT emailed the CEO: "[S]tellar work getting everything back up and running, took you longer than I would have thought but hey, at least it's back online now."

11. KIGHT's conduct caused Company A to shut down its systems, take its website offline, devote significant time to restoring its deleted data, and reach out to customers whose files KIGHT had also deleted.

All in violation of Title 18, United States Code, Section 1951.

### Count Two
(Computer Fraud and Abuse: Intentionally Causing Damage)
(18 U.S.C. § 1030(a)(5)(A))

12. The allegations contained in paragraph 2 through 11 are re-alleged and incorporated as if fully set forth in this paragraph.

13. On or about January 16, 2018 through on or about January 24, 2018, in the Northern District of Georgia and elsewhere, the defendant, CHRISTIAN WILLIAM KIGHT, knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage and attempted to cause damage without authorization to at least one protected computer associated with Company A causing and attempting to cause loss aggregating at least $5,000 in value to Company A during a one-year period from a related course of conduct affecting a protected computer.

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A), 1030(b), 1030(c)(4)(B).

### Count Three
(Computer Fraud and Abuse: Extortion)
(18 U.S.C. § 1030(a)(7)(C))

14. The allegations contained in paragraph 2 through 11 are re-alleged and incorporated as if fully set forth in this paragraph.

15. On or about January 23, 2018, in the Northern District of Georgia and elsewhere, the defendant, CHRISTIAN WILLIAM KIGHT, with intent to extort money and things of value from Company A, transmitted in interstate commerce and foreign commerce communications, that is, emails to Company A, containing demands and requests for money and other things of value in relation to damage to a protected computer, where such damage was caused to facilitate extortion.

All in violation of Title 18, United States Code, Sections 1030(a)(7)(C), 1030(b), 1030(c)(3)(A).

## Count Four
(Extortion by Interstate Communication)
(18 U.S.C. § 875(d))

16. The allegations contained in paragraph 2 through 11 are re-alleged and incorporated as if fully set forth in this paragraph.

17. On or about January 23, 2018, in the Northern District of Georgia and elsewhere, the defendant, CHRISTIAN WILLIAM KIGHT, with intent to extort money and things of value from Company A, transmitted in interstate and foreign commerce communications, that is, emails to Company A, containing threats to injure the property and reputation of Company A.

All in violation of Title 18, United States Code, Section 875(d).

## Counts Five through Nine
(Wire Fraud)
(18 U.S.C. § 1343)

18. The allegations contained in paragraph 2 through 11 are re-alleged and incorporated as if fully set forth in this paragraph.

19. From in or about October 2017 through in or about January 2018, in the Northern District of Georgia and elsewhere, the defendant, CHRISTIAN WILLIAM KIGHT with intent to defraud, did knowingly devise and intend to devise a scheme and artifice to defraud, by means of materially false and fraudulent pretenses and representations and by omission of material facts, to obtain money and property, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

20. It was part of the scheme and artifice to defraud for KIGHT to steal information by obtaining unauthorized access into victim computer networks, to make materially false statements and omissions to the victims, to obtain access to victim property and data including proprietary information under false pretenses, to use his access to that data to attempt to obtain more money and property from the victims, and to knowingly email materially false statements to the victims in furtherance of the scheme to defraud.

### Execution of the Scheme:

21. On or about each date and time listed in Columns B and C below, in the Northern District of Georgia and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property, the defendant, CHRISTIAN WILLIAM KIGHT, did, with intent to defraud, knowingly cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain signs, signals, and sounds, that is, KIGHT transmitted email messages from outside of the State of Georgia to Company A's computer in the Northern District of Georgia:

| A | B | C |
|---|---|---|
| Count | Date | Time |
| 5 | Jan. 23, 2018 | 11:01 EST |
| 6 | Jan. 23, 2018 | 2:15 PM EST |
| 7 | Jan. 23, 2018 | 5:10 PM EST |
| 8 | Jan. 23, 2018 | 6:33 PM EST |
| 9 | Jan. 24, 2018 | 9:57 AM EST |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE

22. As a result of committing the offenses as alleged in Counts 2 through 9 of this Indictment, the defendant CHRISTIAN WILLIAM KIGHT, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2), any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly, as the result of said offenses as alleged in this Indictment, including, but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property described above.

A \_\_\_\_True\_\_\_\_ BILL

_____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

KAMAL GHALI
*Assistant United States Attorney*
Georgia Bar No. 805055

LAURA D. PFISTER
*Special Assistant United States Attorney*
Georgia Bar No. 236847

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303